UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAWRENCE MITCHELL PARKIN,

    Plaintiff,

v.                                                  Case No. 8:22-cv-2715-WFJ-SPF

NAPHCARE, INC.,[1]

    Defendant.
_____/

## ORDER

    Before the Court are Plaintiff Lawrence Mitchell Parkin's 42 U.S.C. § 1983 Complaint (Doc. 1) and Motion to Serve Complaint and Summons (Doc. 11). Mr. Parkin alleges that his constitutional rights were violated when he was denied pain medicine and not examined by a dentist for over two months after cracking his tooth and losing a filling while an inmate at the Sarasota County Jail.

    Under 28 U.S.C. §§ 1915(e) and 1915A, a district court is required to review a complaint and dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. A *pro se* plaintiff's complaint is entitled to generous interpretation. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

    Here, Mr. Parkin brings his Complaint against NaphCare, Inc., the medical provider at the Sarasota County Jail. NaphCare "performs a function traditionally within

---

[1] Mr. Parkin initially also named Kurt Hoffman and Brian Meinberg as defendants to this action (Doc. 1). However, only Defendant NaphCare, Inc. remains (Docs. 10, 12).

the exclusive prerogative of the state" and therefore "becomes the functional equivalent" of the subject municipality under § 1983. *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997). However, NaphCare cannot be held liable for the acts of its employees on a theory of respondeat superior. *Scala v. City of Winter Park*, 116 F.3d 1396, 1399 (11th Cir. 1997) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Mr. Parkin must show some affirmative link or connection between NaphCare's actions and the claimed deprivation or show that a constitutional violation was caused by a NaphCare policy or custom. *See Monell*, 436 U.S. at 694.

Mr. Parkin alleges that, despite verbally complaining to a nurse and submitting several written requests for medical care in which he complained of significant pain from his lost filling and cracked tooth, he was never given pain medication or seen by a dentist. These allegations are insufficient to show that the alleged constitutional violation was caused by a NaphCare policy or custom. Consequently, Mr. Parkin fails to state a claim against NaphCare and his Complaint is due to be dismissed.

**Accordingly:**

1. Mr. Parkin's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

    a. If Mr. Parkin so chooses, he may file an amended complaint remedying the deficiencies identified above within **THIRTY (30) DAYS** of the date of this Order. In his amended complaint, Mr. Parkin must assert sufficient facts to state a civil rights claim based on a violation of a federal right against a defendant amenable to suit.

    b. If filing an amended complaint, Mr. Parkin must complete a new civil rights complaint form, titling it "Amended Complaint." The amended complaint must include all of Mr. Parkin's claims and may not refer back to, or incorporate, the original Complaint (Doc. 1). The amended complaint shall supersede the original Complaint. *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

    c. The amended complaint will be subject to initial screening under 28 U.S.C. § 1915A.

2. If Mr. Parkin fails to file an amended complaint within thirty days or fails to seek an extension of time to do so, this Order dismissing the Complaint without prejudice will become a final judgment. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) ("[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses all its prejudgment powers to grant any more extensions of time to amend the complaint.") (internal quotes omitted).

3. Mr. Parkin must advise the Court of any change in his address. He must title such a notice to the Court as "Notice to the Court of Change of Address," and he must exclude any motions from the notice. Failure to inform the Court of an address change may result in the dismissal of this case without further notice.

4. The Clerk must mail a copy of both the standard prisoner civil rights complaint

form and this Order to Mr. Parkin.

5. Because the Complaint has been dismissed, Mr. Parkin's Motion to Serve Complaint and Summons (Doc. 11) is **DENIED AS MOOT**.

**DONE AND ORDERED** at Tampa, Florida, on March 23, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Plaintiff, *pro se*